**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

GLORIA REGINA GARCIA PARRA,

                        Petitioner,

      v.

DAVID FAVRO, *in his official capacity as Warden of the Clinton County Jail*; JAMES BAUSCH, *in his official capacity as Acting Deputy Field Office Director, Buffalo Field Office, U.S. Immigration & Customs Enforcement*; PHILIP RHONEY, *in his official capacity as Acting Field Office Director, Buffalo Field Office, U.S. Immigration & Customs Enforcement*; TODD LYONS, *in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement*; PAMELA BONDI , *in her official capacity as U.S. Attorney General*; KRISTI NOEM,[1] *in her official capacity as Secretary of Homeland Security*,

                      Respondents.

9:26-cv-00363 (AMN)

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **BOROWSKI WITMER IMMIGRATION LAWYERS** | **MATTHEW BOROWSKI, ESQ.** |
| 4343 Union Road | |
| Buffalo, New York 14225 | |
| *Attorneys for Petitioner* | |
| | |
| **UNITED STATES ATTORNEY FOR THE NORTHERN DISTRICT OF NEW YORK** | **DAVID M. KATZ, ESQ.** Assistant United States Attorney |
| 100 South Clinton Street | |
| Syracuse, New York 13261 | |
| *Counsel for Federal Respondents* | |
| *Bausch, Rhoney, Lyons, Bondi, and Noem* | |

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, a public "officer's successor is automatically substituted as a party."  Fed. R. Civ. P. 25(d).

1

**NO APPEARANCES:**

**DAVID FAVRO**
*State Respondent*

**Hon. Anne M. Nardacci, United States District Judge:**

**ORDER**

Petitioner Gloria Regina Garcia Parra ("Petitioner") is a noncitizen who, as of next week, will have resided in the United States for seventeen years. Dkt. No. 3-1 at ¶ 4. According to documents submitted by the Federal Respondents, Petitioner has no criminal history. Dkt. No. 3-2 at 6. Petitioner's husband is an American citizen, as are their three minor children. Dkt. No. 1 at ¶ 31; Dkt. No. 4 at 1, 5. In May 2016, Petitioner's husband filed a Form I-130 Petition for Alien Relative "on her behalf, which is the first step in the process to gain lawful permanent status." *Chen v. Noem*, No. 26-cv-1109, 2026 WL 380712, at *1 (S.D.N.Y. Feb. 11, 2026). United States Citizenship and Immigration Services ("USCIS") approved this petition in December 2016. Dkt. No. 7-1 at ¶ 5. Petitioner subsequently filed additional applications with immigration authorities, including a Form I-485 Application to Register Permanent Residence or Adjust Legal Status. *Id.* at ¶ 7; *see also* Dkt. No. 5. In connection with one of these pending applications, Petitioner and her husband attended a scheduled appointment with USCIS in Albany on March 6, 2026. Dkt. No. 3-2 at 5; Dkt. No. 7-1 at ¶ 4. United States Immigration and Customs Enforcement agents ("ICE") arrested Petitioner at that time and transported her to the Clinton County Jail, where she has been detained since. Dkt. No. 3-1 at ¶¶ 13, 15.

After considering submissions from the parties, Dkt. Nos. 1, 3-5, 7-8, and arguments made during a hearing on March 17, 2026, the Court grants the Emergency Petition for Writ of Habeas

2

Corpus, Dkt. No. 1 ("Petition"), and orders the immediate release of Petitioner.[2]  The Court will issue a written decision setting forth the reasons for this Order in more detail in due course.

Accordingly, the Court hereby

**ORDERS** that the Petition for a writ of habeas corpus, Dkt. No. 1, is **GRANTED**; and the Court further

**ORDERS** that Respondents shall **immediately release Petitioner from custody**; and the Court further

**ORDERS** that Respondents shall certify compliance with this Order by filing a status report by 3:00 p.m. on March 26, 2026; and the Court further

**ORDERS** that, absent a change in relevant circumstances, Respondents may not detain Petitioner for any immigration-related reason absent further order of this Court.

**IT IS SO ORDERED.**

Dated: March 25, 2026
      Albany, New York

_____
Anne M. Nardacci
U.S. District Judge

---

[2] As clarified by Petitioner's counsel during and after the hearing, Petitioner is not challenging her order of removal in this proceeding, *see generally Ozturk v. Hyde*, 136 F.4th 382 (2d Cir. 2025), and she has instead made submissions in an immigration court, Dkt. No. 8.  *See also* Dkt. No. 3-1 at ¶ 14.